459 So.2d 1018 (1984)
H. Lee MOFFITT, Etc., et al., Petitioners,
v.
Honorable Ben C. WILLIS, Etc., Respondent.
No. 64882.
Supreme Court of Florida.
October 18, 1984.
Rehearing Denied December 19, 1984.
*1019 Mark Herron, Richard Hixson and Jerald S. Price, Tallahassee, for petitioners Fla. House of Representatives
D. Stephen Kahn, Kahn & Dariotis, and Leonard Schulte, Tallahassee, for petitioners Fla. Senate.
Parker D. Thomson and Cloyce L. Mangas, Jr., Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, Robert P. Smith, Jr., Hopping, Boyd, Green & Sams, Tallahassee, and Richard J. Ovelmen, Gen. Counsel, The Miami Herald Pub. Co., Miami, for respondent.
Parker D. Thomson and Cloyce L. Mangas, Jr., Thomson, Zeder, Bohrer, Werth, Adorno & Razook, Miami, Robert P. Smith, Jr., Hopping, Boyd, Green & Sams, Tallahassee, and Richard J. Ovelmen, Gen. Counsel, Miami, for intervenor The Miami Herald Pub. Co.
William G. Mateer, Mateer, Harbert, Frey, Bechtel & Phalin, Orlando, for intervenor Sentinel Communications Co.
George K. Rahdert of Rahdert, Anderson & Richardson, St. Petersburg, for intervenor The Times Pub. Co.
ADKINS, Justice.
We have before us an original proceeding on suggestion for a writ of prohibition which would quash an order of the circuit court judge wherein he determined the circuit court had the jurisdiction to rule on a complaint against the legislature. We have jurisdiction. Art. V, § 3(b)(7), Fla. Const.
In January 1982, the Miami Herald Publishing Company and twelve other newspaper publishing companies sued the petitioners, H. Lee Moffitt, as Speaker of the House of Representatives and Curtis Peterson, as President of the Senate, for declaratory judgment. The complaint filed in that action alleges that during May and June of 1981, secret meetings of committees of the legislature occurred in violation of legislative rules and the first and fourteenth amendments to the United States Constitution; article II, section 8, Florida Constitution; article III, Florida Constitution; section 11.142, Florida Statutes (1981); and section 286.011 and 286.012, Florida Statutes (1981).
Petitioners filed a motion to dismiss the complaint on the ground that the circuit court lacked jurisdiction over the subject matter under the constitutional doctrine of separation of powers because the complaint relates to the Florida Senate and the Florida House of Representatives. A hearing on the motion was held before the respondent, the Honorable Ben C. Willis. Judge Willis ordered that the newspaper publishing companies were entitled to a ruling under chapter 86, Florida Statutes (1981), as to the allegations in the complaint relating to the first amendment to the United States Constitution and the corresponding provision of the Florida Constitution, article I, section 4, Florida Constitution, and also as to section 11.142, Florida Statutes (1981).
The petitioners are now seeking a writ of prohibition to have Judge Willis' order quashed and to have the complaint dismissed. We have permitted the newspaper publishing companies to intervene in this cause.
We agree with the petitioners, grant their petition and direct the dismissal of the civil action pending in the second judicial circuit which is the subject matter of this petition.
One of the issues we are faced with in this case is the jurisdiction of this Court to prohibit proceedings in the circuit court. The intervenors argue that should we determine that our jurisdiction to issue writs of prohibition is now coextensive with that of the district courts of appeal, in respect to circuit court proceedings, forum shopping in the appellate structure and even *1020 successive applications to this and other courts may be the result. We disagree.
Before its amendment in 1980, article V, section 3(b)(4), Florida Constitution, provided that this Court might "issue writs of prohibition to courts and commissions in causes within the jurisdiction of the supreme court to review." The 1980 amendment transferred that provision to article V, section 3(b)(7) and eliminated the phrase "and commissions in causes within the jurisdiction of the supreme court to review." This change in article V has been said to have caused some confusion as to whether this Court may issue a writ of prohibition to circuit courts. See England and Williams, Florida Appellate Reform One Year Later, 9 Fla.St.U.L.Rev. 221 (1981). We do not consider the change to have either expanded or contracted our jurisdiction to issue writs of prohibition to courts. The 1980 amendment of article V was presented to the public as necessary to narrow this Court's jurisdiction in order to reduce our case load selectively. See, e.g., England, Hunter and Williams, Constitutional Jurisdiction of the Supreme Court of Florida: 1980 Reform, 32 U.Fla.L.Rev. 147 (1980). We therefore do not consider it reasonable to interpret any changes to have been intended to expand our jurisdiction. However, it is not necessary for us to depend on an expanded version of article V in order to find that we have jurisdiction to issue a writ of prohibition in this instance.
In State ex rel. Sarasota County v. Boyer, 360 So.2d 388 (Fla. 1978), we fully discussed our jurisdiction to issue writs of prohibition. We stated that, inasmuch as we cannot know with certainty whether we have appellate jurisdiction over the decision until it has been decided and that at that point we could not issue a preventive to undo what has been done, the answer is that it is only necessary to show that on the face of the matter it appears that a lower court is about to act in excess of its jurisdiction in a case which is likely to come within our jurisdiction to review. Id. at 392. Although that case involved the district court, the same rationale applies to our jurisdiction to issue the writ to a circuit court. In Tsavaris v. Scruggs, 360 So.2d 745 (Fla. 1977), we found that this Court had jurisdiction to issue a writ of prohibition to a trial court in a case where the defendant had been indicted for first-degree murder. We could not know whether conviction would result in a sentence of death, but we knew the possibility of a death sentence was real since the crime charged was a capital offense. We have also on many occasions considered an original petition for writ of prohibition asking us to restrain a criminal court of record from proceeding to try a cause. In those instances, the issue presented was the defendant's constitutional right to a speedy trial. See, e.g., Lowe v. Price, 437 So.2d 142 (Fla. 1983); Pena v. Schultz, 245 So.2d 49 (Fla. 1971); Loy v. Grayson, 99 So.2d 555 (Fla. 1957).
We are now presented with a case in which the trial judge has issued an order, in response to a motion to dismiss, which states that the plaintiffs are entitled to a ruling as to the allegations relating to the first amendment of the United States Constitution and article I, section 4 of the Florida Constitution. The defendants, the petitioners here, argue that the trial court lacks jurisdiction because article II, section 3 of the Florida Constitution mandates separation of powers. It is clear to us that if this case were to proceed to trial and then to appeal at the district court, it is most likely that some provision of the state or federal constitution would be construed. The case would then come within our jurisdiction to review. In keeping with our holding in Sarasota County v. Boyer, we have jurisdiction to issue a writ of prohibition in this instance.
The fundamental argument raised by the petitioners is that the circuit court does not have jurisdiction to determine and declare the meaning and application of the rules and procedures of the Florida Senate and the Florida House of Representatives. Petitioners maintain that the authority of each house of the legislature, vis-a-vis article III, section 4(a) and article II, section 3 *1021 of the Florida Constitution, to determine its own internal procedure is at issue and that neither the constitutionality of any enacted statute, nor any policy commitment of the state of Florida, nor the balancing of compelling interests of the state are at issue. We agree with the petitioners' contentions.
At the outset, we reassert that our duty in this cause is to determine whether the circuit court has the jurisdiction. We do not propose to address the merits of the case in the process.
In order to determine jurisdiction we must first identify the precise activity complained of in the suit below. The publishing companies allege that certain groups of individuals, which they identify as house and senate committees, held secret closed meetings during the 1981 legislative session. They do not complain of or challenge any specific act or law promulgated by the legislature. Rather, the complaint is that the house and senate violated their own rules of procedure. Rule 2.13 of the Rules of the Florida Senate provides in part that "all committee meetings shall be open to the public." Rule 6.25 of the Rules of the Florida House of Representatives provides in part that "all meetings of all committees shall be open to the public at all times." The publishing companies further assert that the legislature is required to conduct its business according to its rules pursuant to section 11.142, Florida Statutes (1981), which provides:
Each standing and select committee shall meet at such times as it shall determine and shall abide by the general rules and regulations adopted by its respective house to govern the conduct of meetings by such committee.
Several federal and state constitutional provisions are also assertedly being violated by the activity.
The petitioners have never conceded that the meetings complained of were secret legislative committee meetings. In our view, a judicial determination of this matter hinges on the meaning of legislative committee meeting and what activity constitutes such a meeting. At this point, the judiciary comes into head-to-head conflict with the legislative rulemaking prerogative.
Article III, section 4(a) of the Florida Constitution gives each house the power to determine its own rules of procedure. As historically interpreted by this Court, this provision gives each house the power and prerogative not only to adopt, but also to interpret, enforce, waive or suspend whatever procedures it deems necessary or desirable so long as constitutional requirements for the enacting of laws are not violated. See, e.g., State ex rel. X-Cel Stores, Inc. v. Lee, 122 Fla. 685, 166 So. 568 (1936); State ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270 (1935) (wherein we stated that under the constitution the legislature determines and enforces the rules of its own proceedings). In Crawford v. Gilchrist, 64 Fla. 41, 54-55, 59 So. 963, 968 (1912), we said that:
The provision that each house "shall determine the rules of its proceedings," does not restrict the power given to the mere formulation of standing rules, or to the proceedings of the body in ordinary legislative matters; but, in the absence of constitutional restraints, and when exercised by a majority of a constitutional quorum, such authority extends to the determination of the propriety and effect of any action as it is taken by the body as it proceeds in the exercise of any power, in the transaction of any business, or in the performance of any duty conferred upon it by the constitution.
It is the final product of the legislature that is subject to review by the courts, not the internal procedures. As we stated in General Motors Acceptance Corp. v. State, 152 Fla. 297, 303, 11 So.2d 482, 485 (1943), the legislature has the power to enact measures, while the judiciary is restricted to the construction or interpretation thereof.
Section 11.142 of the Florida Statutes provides that the committees shall abide by the house and senate rules. While the judiciary certainly has the power to determine what effect a statute has and to *1022 whom it applies as well as its constitutionality, that is not the issue before us today. We are not confronted with whether a statute applies, rather we are asked to allow the courts to determine when and how legislative rules apply to members of the legislature. The constitutionality of the rules themselves is not challenged here. The only issue argued is that of the propriety and constitutionality of certain internal activities of members of the legislature. It is a legislative prerogative to make, interpret and enforce its own procedural rules and the judiciary cannot compel the legislature to exercise a purely legislative prerogative. See Dade County Classroom Teachers Association v. Legislature, 269 So.2d 684, 686 (Fla. 1972).
The intervenors rely on several cases to support the circuit court's jurisdiction. We find their reliance to be misplaced inasmuch as each of the cases cited involves an activity by the legislative branch which reaches out to effect some action or result outside of the legislature itself and therefore beyond their internal procedures. Forbes v. Earle, 298 So.2d 1 (Fla. 1974) (the court did not lack the subject matter jurisdiction to determine the extent of a committee's power to issue a subpoena binding on the Judicial Qualifications Commission); Johnson v. McDonald, 269 So.2d 682 (Fla. 1972) (court had jurisdiction to declare the power of a sub-committee to issue a subpoena duces tecum); Hagaman v. Andrews, 232 So.2d 1 (Fla. 1970) (court determined the power of a committee chairman to subpoena bank records); Johnston v. Gallen, 217 So.2d 319 (Fla. 1969) (court had jurisdiction to determine the power of the speaker of the house to create a select committee, having investigatory powers, between sessions).
Just as the legislature may not invade our province of procedural rulemaking for the court system, we may not invade the legislature's province of internal procedural rulemaking. See, e.g., State v. Garcia, 229 So.2d 236 (Fla. 1969); State v. Robinson, 132 So.2d 156 (Fla. 1961); Hay v. Isetts, 98 Fla. 1026, 125 So. 237 (1929). A member of the legislature can raise a point of order regarding a violation of any of the rules of the house or senate. That is the proper forum for determining the propriety of the activities complained of in the suit below.
Therefore, we find that the circuit court lacks jurisdiction to proceed in this matter. We withhold issuance of a writ of prohibition with the confidence that the respondent will comply with the dictates of this opinion.
It is so ordered.
ALDERMAN, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion.
McDONALD, J., concurs in part and dissents in part with an opinion, in which BOYD, C.J., and OVERTON, J., concur.
BOYD, Chief Justice, concurring in part and dissenting in part.
I concur in the reasoning of the majority opinion to the extent it holds that the courts should not entertain challenges to the interpretation given by the Senate and House of Representatives to their own rules.
In this case it is alleged that the procedures used with regard to certain committee meetings were not in compliance with a state statute requiring the legislative bodies to abide by their rules. Although courts have no authority to enforce legislative procedural rules, the allegation of violation of a statute of Florida presents a question cognizable in the courts.
McDONALD, Justice, concurring in part, dissenting in part.
I agree that this Court has the power to issue the writ of prohibition if we determine that the trial court is without jurisdiction to decide the issues presented, but I feel that the trial judge has jurisdiction to issue a declaratory judgment. The trial judge, in denying the motion to dismiss, held:

*1023 1. The Court is of the opinion that the Plaintiffs are entitled to a ruling under Chaper [sic] 86, Florida Statutes, as to the allegations of the complaint relating to the First Amendment to the United States Constitution, and the corresponding provisions of the Florida Constitution, and also as to § 11.142, Florida Statutes. Accordingly, the Defendants' Motion to Dismiss as to these issues is hereby DENIED.
2. As indicated at hearing, the Court is of the opinion that the remaining provisions of law cited by Plaintiffs are not applicable under the circumstances alleged in the complaint.
This seems correct to me and I fail to find an impediment to the trial judge's answering the question of whether the public may be excluded from committee meetings of the House and Senate of the Florida State Legislature so long as the answer is restricted to constitutional or statutory grounds, as opposed to whether the rules of the House or Senate are violated. I therefore dissent, in part.
BOYD, C.J., and OVERTON, J., concur.