JOANOS, Judge.
The Department of Professional Regulation, Construction Industry Licensing Board (“Board”), appeals a final order of a Division of Administrative Hearings hearing officer in rule challenge proceedings. The hearing officer determined that the last sentence of Fla.Admin.Code Rule 21E-12.08 constitutes an invalid exercise of delegated legislative authority. We affirm.
Rule 21E-12.08 provides:
Time for Payment of Civil Penalties. In cases where the Board imposes a civil penalty for violation of Chapter 455 or Part I of Chapter 489, Florida Statutes, or of the rules promulgated thereunder, the penalty shall be paid within 30 days of its imposition by order of the Board, unless a later time for payment is specified in the Board’s Order. Failure to pay the penalty within the time specified in this rule or in the Board’s Order shall constitute grounds for disciplinary action against the licensee.
The underscored sentence, which was added to the rule in 1982, is the subject of this case.
The hearing officer found that Pariser and Fowler, appellees, were in violation of Rule 21E-12.08 and had standing to challenge the validity of the underscored portion of the rule. The specific authority cited for Rule 21E-12.08 as amended 12-19-82 is Section 455.227(2) and 489.129(2), Florida Statutes. The hearing officer concluded that Section 489.129(3) authorizes the Board to specify by rule what acts or omissions constitute violation of Section 489.129(1), which authorizes imposition of a $5,000.00 fine “when a licensee is found guilty of the acts specified in subsections (a)-(m)”; that “the only subsection which the rule might be construed to supplement is (j) authorizing discipline for ‘failure in any material respect to comply with the provisions of this act’ however, Section 489.129(1) authorizing imposition of a fine does not specify that the fine must be paid, *29 therefore failure to pay cannot be made a separate violation subject to an additional penalty. The hearing officer also concluded that the legislature has provided a method of collection of fines in Section 455.-227(2), and additional means of enforcement through Section 120.69, however, there is no statutory authority for a rule “making non-payment of a fine a separate ground for further administrative discipline.” Finally, the hearing officer cited Gulfstream Park v. Department of Business Regulation, 443 So.2d 113 (Fla. 3d DCA 1983), and Section 120.54(14), Florida Statutes, for the proposition that an administrative agency has only such authority as conferred by statute, lacking inherent authority to promulgate rules, and the Board lacked statutory authority for promulgating the last sentence of Rule 21E-12.08.
Our rationale for affirming in this case is found in the maxim expressio unius est exclusio alterius. This principle of statutory construction means “that the mention of one thing implies the exclusion of another,” Thayer v. State, 335 So.2d 815, 817 (Fla.1976). Section 455.227(2) provides, in pertinent part:
In any case where the board imposes a civil penalty and the penalty is not paid within a reasonable time, such reasonable time to be prescribed in the rules of the board, the Department of Legal Affairs shall bring, upon request by the board, a civil action to recover the penalty.
We recognize “that rulemaking authority may be implied to the extent necessary to properly implement a statute governing the agency’s statutory duties and responsibilities,” Department of Professional Regulation, Board of Professional Engineers v. Florida Society of Professional Land Surveyors, 475 So.2d 939 (Fla. 1st DCA), however, when the legislature expressly has provided a method for implementation as in this case, we think it would be erroneous to additionally imply such authority on behalf of the Board. We therefore agree with the conclusion of the hearing officer that the last sentence of Rule 21E-12.08 is not authorized by statute and is thus an invalid exercise of delegated legislative authority.
AFFIRMED.
BARFIELD, J., concurs.
ERVIN, J., dissents with written opinion.