PER CURIAM.
Paul M. Hawkes, while unsuccessfully opposing Dick Locke’s re-election campaign for House District 26, filed a request pursuant to Chapter 119, Florida Statutes, for the production of all records maintained by Locke relating to the expenditure of state tax money allocated for the maintenance of his office.
When Locke failed to produce the records, Hawkes filed suit to enforce section 119.11 of the Public Records Law. The trial court agreed with Locke that the Public Records Law does not apply to the *1203 legislators and dismissed the action. We disagree and reverse.
Section 119.01(1), Florida Statutes, provides:
It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person.
This legislative statement of policy refers to all state records, not just those of one branch of government nor does it exempt, except or exclude any branch of government.
Section 119.011(1), Florida Statutes, defines “public records” as including all papers made or received pursuant to law or in connection with the transaction of official business by any agency. Section 119.011(2) defines “agency” to mean any state officer or unit of government created or established by law. These definitions of public records and agency likewise are not restricted to any particular branch of state government nor do they exempt, except or exclude any branch.
The offices of Senator and members of the House of Representatives, being offices of the legislative branch of government, are created or established by the same “law” as creates public offices of the executive and judicial branches of government. All are created by the state constitution which is the organic and fundamental law of the State. All are public state officers under Article II, Section 5 and other sections of the Constitution of the State of Florida.
The basic public records act goes back to 1909. Apparently over the years the courts created many exemptions to the statute. To prevent this erosion of the statute the legislature, in section 119.-07(l)(a) again restated that every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so and then codified certain exemptions. Members of the House of Representatives are not exempted.
The relevant portions of sections 119.01, 119.07(l)(a), and 119.011, quoted above, were enacted long before the 1985 legislative session enacted section 119.14(2), a section dealing with the legislative review of exemptions to the public records act, in which the legislature incidently stated that it “finds that the public has a right to have access to executive branch governmental meetings and records ...”.
That incidental reference by the 1985 legislative session to the executive branch does not serve to either amend the basic public records law set forth above nor does its implication serve as an aid to construe the statute. Entitled to even less weight is the innuendo from the defeated efforts of some individual legislators to amend the basic public records law. The legislative rules and policies under which Locke, a member of the House of Representatives, contends he delivered some of the requested records were rules and policies adopted only by the legislators in the 1988 session. Each legislative session is a new legislature. Neither the internal rules nor the individual or collective opinions of one legislature constitute the rules or opinions of another legislature. Neither the opinion of some later legislative session nor of the individual legislators as to the construction of some statute enacted by an earlier legislature is relevant to a proper judicial interpretation of the earlier statute. The legislative intent that the judiciary must seek in construing a statute is the legislative intent of the legislature that passed the statute in question, not the intent of some other session of the legislature nor that of individual legislators.
Under the separation of powers provision of the Constitution of the State of Florida, Article II, Section 3, there may be a problem when the legislature enacts a statute affecting the executive branch or the judicial branch[1] of government but there can be no separation of powers problem as to *1204 the legislature enacting a statute that applies to the legislature.
It is emphasized that this case involves the application of the public records act, Chapter 119, Florida Statutes, to the records in the office of a particular member of a particular legislature, and not to the internal records of the legislature itself, and therefore, this case does not present the issue that was involved in Moffitt v. Willis, 459 So.2d 1018 (Fla.1984).
The attorney general opinions, numbers 075-282 dated November 18, 1975 and 077-10 dated February 7, 1977, are correct in their conclusions that the “state officers” referred to in the basic public records law includes, but is not limited to, members of the legislature. The legislature has not included its members within the exemptions to the public records act contained in section 119.07, Florida Statutes, where an exemption could be clearly and easily expressed if a session of the legislature desired to exclude members of the legislature from the inclusive language of the basic public records law.
A member of the House of Representatives is a state officer and a person who has custody of public records relating to how certain public money has been spent. Why should those records not be subject to public inspection? The language of the public records act includes members of the legislature and the public records in their custody and they are not exempted by the statute.
The order below is reversed and the basic public records statutes held to include public records in the offices of members of the legislature.
REVERSED.
COWART, HARRIS and PETERSON, JJ., concur.

. See, e.g., In re Advisory Opinion Concerning the Applicability of Ch. 119, Florida Statutes, 398 So.2d 446 (Fla.1981).