# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

CITY OF TAMPA,

Petitioner,

v.

LIBERTY HOSPITALITY MANAGEMENT, LLC,

Respondent.

No. 2D2024-2082

_____

March 6, 2026

Petition for Writ of Certiorari to the Circuit Court for Hillsborough County; Anne-Leigh Gaylord Moe, Judge.

Chance Lyman and Hala Sandridge of Buchanan Ingersoll & Rooney, PC, Tampa; and Ursula D. Richardson and Toyin K. Aina-Hargrett, City Attorney's Office, Tampa, for Petitioner.

Chris W. Altenbernd of Banker Lopez Gassler P.A., Tampa; Eleanor H. Sills of Banker Lopez Gassler P.A., Tallahassee; and Ethan J. Loeb, E. Colin Thompson, Allison C. Doucette, and Steven Gieseler of Bartlett Loeb Hinds Thompson & Angelos, PLLC, Tampa, for Respondent.

Elizabeth W. Neiberger of Bryant Miller Olive P.A., Tampa; and Rebecca A. O'Hara of Florida League of Cities, Inc., Tallahassee, for Amicus Curiae, Florida League of Cities, Inc.

MORRIS, Judge.

The City Council for the City of Tampa denied a request by Liberty Hospitality Management, LLC, to rezone its property on Harbour Island in Tampa. Liberty filed a petition for writ of certiorari in circuit court, seeking review of the City Council's denial of Liberty's rezoning request. The circuit court dismissed the petition, concluding that it did not have subject matter jurisdiction to review the City Council's action. Now, the City of Tampa petitions this court for a writ of mandamus compelling the circuit court to exercise its jurisdiction to review Liberty's petition for writ of certiorari. For the reasons explained below, we grant the petition and direct the circuit court to exercise its certiorari jurisdiction.

I.    Background

In 2016, Liberty proposed to purchase the subject property on Harbour Island in Tampa. Prior to the purchase and as a condition thereof, Liberty had applied for and was granted a rezoning request. Again in 2021, Liberty proposed to rezone the property for use as a hotel. The rezoning request sought a change to the Harbour Island Development of Regional Impact (DRI) by increasing the island's hotel entitlements by 150 rooms and 160 parking spaces to be allocated specifically to the subject property.

On May 12, 2022, the City Council held a public, quasi-judicial hearing on the rezoning petition and proposed change to the DRI. After the hearing, the City Council denied Liberty's requests in two separate orders. Liberty filed a petition for writ of certiorari in the circuit court, seeking review of the City Council's actions. Liberty invoked the circuit court's jurisdiction under article V, section 5, of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(c). *See Broward County v. G.B.V. Int'l, Ltd.*, 787 So. 2d 838, 843 (Fla. 2001) (holding that "Florida

2

courts have adapted the common law writ of certiorari" to review quasi-judicial "actions of local government agencies").

On February 21, 2024, the circuit court, sua sponte, issued an order to show cause as to why Liberty's petition should not be dismissed for lack of jurisdiction. The circuit court cited its power to issue writs of certiorari under article V, section 5, of the Florida Constitution and asked the parties to address how the Florida Constitution or the City of Tampa Charter provides for the City Council to exercise quasi-judicial power. Both Liberty and the City agreed in their filings that the City Council has the authority to engage in quasi-judicial action and that the circuit court has authority to review the action by certiorari.

However, the circuit court concluded that it does not have jurisdiction over Liberty's petition. The circuit court reasoned as follows:

> From a separation of powers perspective, the issues can be summarized as follows. As a branch of government that exercises legislative power, the City Council cannot exercise judicial power unless the Florida Constitution expressly provides for it. Likewise, as a branch of government that exercises judicial power, this circuit court cannot exercise supervisory power through issuance of a supervisory writ over a legislative branch unless the Florida Constitution expressly provides for it. In neither case has an express authorization been identified. As an additional complication, the Tampa Charter itself requires separation of powers. That Charter grants the City Council legislative power only; it grants the Mayor "all" executive and administrative powers.
>
> In light of this and for the reasons that follow, this Court lacks subject matter jurisdiction to issue a writ of certiorari pursuant to Article V, Section 5.

The circuit court dismissed Liberty's petition, and Liberty now seeks review in this court.[1]

---

[1] Liberty also filed a separate action against the City alleging (1) a count under section 70.001, Florida Statutes (2020), (2) a count for a

II.    Analysis

"Mandamus is appropriate to compel a lower court to exercise its subject matter jurisdiction if that court has erroneously determined that it lacks subject matter jurisdiction." *Martinez v. State*, 740 So. 2d 1231, 1231 (Fla. 4th DCA 1999) (citing *Pino v. Dist. Ct. of Appeal, Third Dist.*, 604 So. 2d 1232 (Fla. 1992)).[2]  Here, mandamus is warranted if the circuit court had jurisdiction over Liberty's petition and wrongly refused to exercise its jurisdiction.

In its petition before this court, the City argues that the circuit court wrongly applied article II, section 3, of the Florida Constitution—Florida's separation of powers clause—to municipalities to conclude that the City Council did not have authority to make a quasi-judicial decision on a rezoning request.  The City argues that, as a result, the circuit court further misapplied articles V and VIII of the Florida Constitution.  We agree.

We start by setting forth the various provisions of the Florida Constitution relied upon by the circuit court.  Article II, section 3, titled "Branches of government" and known as the separation of powers clause, provides that "[t]he powers of the state government shall be divided into legislative, executive and judicial branches.  No person belonging to one

claim of reverse spot zoning, and (3) a count for declaratory relief seeking to void prior rezoning orders.  The circuit court entered a partial final judgment on count three, relying on its earlier conclusion that the City Council was without authority to conduct a quasi-judicial hearing and declaring void four quasi-judicial actions involving the subject property.  The City appeals the partial final judgment in case 2D2025-0069.

[2] The City initially filed a notice of appeal seeking review of the circuit court's order as a final order, but this court reclassified the proceeding as one in certiorari.  Upon a response by the City, this court agreed that the case should proceed in mandamus.

branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Art. II, § 3, Fla. Const.

Article V, section 1, titled "Courts," provides in relevant part:

> The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality. The legislature shall, by general law, divide the state into appellate court districts and judicial circuits following county lines. Commissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices.

Art. V, § 1, Fla. Const. Article VIII, section 2, titled "Municipalities," provides the powers of municipalities: "Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective." Art. VIII, § 2(b), Fla. Const.

We next point out that it is undisputed by the circuit court and the parties that the City Council conducted a quasi-judicial proceeding in ruling on Liberty's rezoning request. Certain rezoning decisions are considered quasi-judicial in nature for purposes of judicial review:

> [R]ezoning actions which have an impact on a limited number of persons or property owners, on identifiable parties and interests, where the decision is contingent on a fact or facts arrived at from distinct alternatives presented at a hearing, and where the decision can be functionally viewed as policy application, rather than policy setting, are in the nature of . . . quasi-judicial action . . . .

5

*Bd. of Cnty. Commr's v. Snyder*, 627 So. 2d 469, 474 (Fla. 1993) (alterations in original) (quoting *Snyder v. Bd. of Cnty. Comm'rs*, 595 So. 2d 65, 78 (Fla. 5th DCA 1991)).[3]

Turning back to the circuit court's order, the circuit court assumed that article II, section 3, applies to local governments. It then went on to state that

> Article V, Section 1 makes no express provision for a legislative body to exercise quasi-judicial power, and no other part of the Florida Constitution has been identified that could rationally be considered the express constitutional permission required by Article II, Section 3 before a legislative branch could also exercise judicial power.

The circuit court then addressed article VIII, section 2(b), concluding that while it "allows a municipality to 'exercise any power for municipal purposes except as otherwise provided by law,' the legislative branch of municipal government cannot exercise all the powers of the municipality."

The circuit court's reasoning is flawed at the outset because the separation of powers clause in the Florida Constitution "was not intended to apply to local governmental entities and officials." *Locke v. Hawkes*, 595 So. 2d 32, 36 (Fla. 1992); *see also Miami-Dade County v. City of Miami*, 315 So. 3d 115, 124 (Fla. 3d DCA 2020) (holding that the circuit court erred in comparing the mayor's veto power to the State of Florida's governor's veto power because article II, section 3, does not apply to local governments). "Article II, section 3, identifies the branches

---

[3] For these reasons, this case is distinguishable from *West Villagers for Responsible Government, Inc. v. City of North Port*, 50 Fla. L. Weekly D2479, D2480 (Fla. 2d DCA Nov. 19, 2025), in which this court recently held that even though the city employed a quasi-judicial procedure in ruling on a contraction petition, the decision was a legislative act that was not reviewable by certiorari in the circuit court.

of our *state* government, and . . . this provision was intended to apply to each branch's constitutional powers as enumerated in article III, the legislature, article IV, the executive, and article V, the judiciary." *Locke*, 595 So. 2d at 36 (emphasis added). Numerous other states have also held "that the concept of Constitutional separation of powers simply does not exist at the local government level." *Citizens for Reform v. Citizens for Open Gov't, Inc.*, 931 So. 2d 977, 989 (Fla. 3d DCA 2006) (collecting cases from thirteen other states). This is because "[l]ocal governments, including counties and municipalities, are creatures of the State without any independent sovereignty." *Fried v. State*, 355 So. 3d 899, 908 (Fla. 2023).

This initial incorrect reasoning by the circuit court led to the circuit court's misapplication of articles V and VIII. The circuit court concluded that

> the Tampa City Council is not a lower court. *See* Art. V, § 1, Fla. Const. (prohibiting the establishment of municipal courts). Article V, Section 1 makes no express provision for a legislative body to exercise quasi-judicial power, and no other part of the Florida Constitution has been identified that could rationally be considered the express constitutional permission required by Article II, Section 3 before a legislative branch could also exercise judicial power. While Article VIII, Section 2(b) allows a municipality to "exercise any power for municipal purposes except as otherwise provided by law," the legislative branch of municipal government cannot exercise all the powers of the municipality.

The circuit court was correct in concluding that the City Council is not a "court" within the meaning of article V. But it was incorrect in concluding that the City Council was exercising judicial power or that article II, section 3, requires a granting of authority to the City Council, as a legislative body, to engage in quasi-judicial decision-making. As already stated, article II, section 3, does not apply to local governments.

Article V, section 1, vests judicial power in the state judicial branch only, and it vests quasi-judicial power in commissions and administrative bodies; it does not address or prohibit quasi-judicial action by elected bodies of municipalities.

Rather, the source of the City Council's powers is article VIII, section 2(b):

> **Powers.** Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective.

Art. VIII, § 2(b), Fla. Const. This provision confers broad home rule powers to municipalities, as recognized in section 166.021(4), Florida Statutes (2020). *See id.* ("The provisions of this section shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the constitution."); *Masone v. City of Aventura*, 147 So. 3d 492, 494-95 (Fla. 2014) (" 'In Florida, a municipality is given broad authority to enact ordinances under its municipal home rule powers.' *City of Hollywood v. Mulligan*, 934 So. 2d 1238, 1243 (Fla. 2006). But municipal ordinances must yield to state statutes."). The home rule powers include zoning powers. *See* § 166.041(3)(c); *Hillsborough Ass'n for Retarded Citizens v. City of Temple Terrace*, 332 So. 2d 610, 612-13 (Fla. 1976) (providing that the "zoning power of municipalities . . . is derived from Article VIII, s 2(b) of the Florida Constitution by way of the" home rule act of section 166.021).[4] There is no language in article VIII, section 2(b), limiting a municipality's ability to

---

[4] Numerous other statutes codify local government's power and responsibility to regulate land. *See, e.g.*, §§ 163.3161, .3164, .3167, .3202, § 166.033, Fla. Stat. (2020).

8

engage in quasi-judicial action in ruling on a rezoning request, and as noted, the provision states that a city "may exercise any power for municipal purposes except as otherwise provided by law." *See id.* Indeed, as we have already noted, decisions on site-specific rezoning requests are, by their nature, quasi-judicial because they affect identifiable parties and interests and involve policy application. *See Snyder*, 627 So. 3d at 474. Further, nothing in section 166.021, which "contains general provisions governing the exercise of municipal powers under the framework established in article VIII, section 2(b)," *City of Palm Bay v. Wells Fargo Bank, N.A.*, 114 So. 3d 924, 927 (Fla. 2013), prevents a municipality from taking quasi-judicial action in ruling on a rezoning request.[5]

The circuit court further concluded that the City's charter itself requires separation of powers and that because it gives legislative power to the City Council, the City Council cannot exercise judicial power.[6] Article I, section 1.04, of the City of Tampa Charter provides:

> There shall be a distinct separation of legislative and executive powers; and, except as otherwise herein expressly provided, all legislative powers shall be vested in and exercised by the city council and all executive and administrative powers shall be vested in and exercised by the

[5] In fact, the applicable version of section 166.033(1) specifically contemplates that a "quasi-judicial hearing" may be conducted for applications of development permits, which can involve zoning or rezoning. *See* § 163.3164(16) (including in the definition of development permit "any . . . zoning permit, . . . rezoning, . . . or any other official action of local government having the effect of permitting the development of land").

[6] Liberty argued below that the circuit court had jurisdiction to review the City Council's decision. However, Liberty now argues before this court that the City's charter does not "discuss, much less distribute[,] quasi-judicial powers" to the City Council and that the City Council's decisions here were ultra vires.

9

mayor. Any power, except a purely legislative power, authorized or required by general law to be exercised by a governing body of a municipality shall be exercised by the city council upon the recommendation or with the approval of the mayor.

Article II addresses the City Council. Article II, section 2.01, vests "all legislative power" in the City Council. Section 2.05 provides that all legislative powers shall be exercised by ordinance, and sections 2.06 through 2.14 govern the exercise of the City Council's legislative power. Section 2.09(b) specifically addresses rezoning and provides that "[e]nactment or ordinances initiated by the city council or its designee which rezone private real property shall be enacted pursuant to the uniform procedure set out in Chapter 166.041(3)(c), Florida Statutes (including all amendments thereto), which is hereby adopted and made a part of this charter." And section 2.14 provides, in relevant part, that "[i]n the exercise of its legislative powers[,] the council . . . shall have the power to conduct such investigations and hold such hearings as the council shall deem necessary, expedient, and proper and shall have the power to compel the attendance of witnesses and production of evidence."

Section 166.041, referenced in section 2.09(b) of the charter, provides procedures for the adoption of ordinances. Section 166.041(1)(a) provides that an ordinance is "an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law." Subsection (3) provides procedures for the rezoning of a parcel of land, including notice and public hearings. § 166.041(3).

Thus the charter and the statute both expressly provide that the City Council, as a legislative body, has the power to pass an ordinance on rezoning. Further, both the charter and the statute expressly allow

10

the City Council to conduct hearings as part of its process in passing an ordinance. And when the ordinance is a rezoning decision that affects site-specific land or identifiable parties and interests, such as the decision in this case, that decision is a quasi-judicial action by the City Council. *See Snyder*, 627 So. 2d at 474-75; *Mullen v. Bal Harbour Vill.*, 241 So. 3d 949, 956 (Fla. 3d DCA 2018) ("The quasi-judicial process for site-specific development orders has become an unassailable principle of the process of property development in Florida."); *see also Verizon Wireless Pers. Commc'ns, L.P. v. Sanctuary at Wulfert Point Cmty. Ass'n*, 916 So. 2d 850, 855 (Fla. 2d DCA 2005) (providing that the term quasi-judicial "is simply a characterization of the action itself—one that imposes certain obligations on the City Council"); *Webb v. Town Council of Town of Hilliard*, 766 So. 2d 1241, 1243 (Fla. 1st DCA 2000) ("Local government decisions pertaining to building permits, site plans, special zoning exceptions, and other development orders generally are deemed quasi-judicial in nature . . . ."). In arriving at a quasi-judicial decision on a rezoning request, the City Council is not exercising judicial power. *See Verizon Wireless*, 916 So. 2d at 855 ("[A]lthough the City Council's action . . . fell into the category commonly referred to as 'quasi-judicial,' this term does not imply that the Council possesses judicial power.").

We recognize that neither the charter nor section 166.041(3) specifically refer to "quasi-judicial" process, hearings, or actions. But as noted above, the legislature intended "to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes *not expressly prohibited by the constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited.*" § 166.021(4) (emphasis added). Nothing expressly

11

prohibits the City Council from taking quasi-judicial action on a site-specific rezoning request; therefore, the City Council may take quasi-judicial action in the exercise of its legislative powers.

In sum, the City Council's quasi-judicial action with respect to the rezoning of Liberty's land was not ultra vires. Such a decision is reviewable in the circuit court by certiorari. Art. V, § 5, Fla. Const.; Fla. R. App. P. 9.030(c)(3); *Snyder*, 627 So. 2d at 474 (holding that "the rulings of a board acting in its quasi-judicial capacity are subject to review by certiorari" in the circuit court); *see also City of Ft. Myers v. Splitt*, 988 So. 2d 28, 31 (Fla. 2d DCA 2008) ("[T]he decision of the City at issue here was a quasi-judicial decision rather than a legislative decision and thus subject to challenge in the circuit court by way of certiorari."). Thus the circuit court erred in refusing to exercise its jurisdiction to review Liberty's petition for writ of certiorari. Accordingly, we grant mandamus and direct the circuit court to consider Liberty's petition for writ of certiorari.

Petition granted.

SILBERMAN and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

12