UNITED STATES of America, Plaintiff,

v.

Harvey SHENBERG, et al., Defendants.

No. 91–0708–CR.

United States District Court,
S.D. Florida.

Dec. 19, 1991.

John J. O'Sullivan, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Steve Bronis, Edward Carhart, James Hogan, Miami, Fla., Alcee Hastings, Fort Lauderdale, Fla., for defendants.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Report and Recommendation of United States Magistrate Judge Lurana S. Snow. Defendants Shenberg, Sepe, and Goodhart have filed objections to Judge Snow's report in a timely manner.

The Court adopts the report in part, and sustains some of the defendants' objections in part.

The Report and Recommendation contains three conclusions:

1) The media's motion to unseal judicial records should be granted except as to portions of the affidavit set forth in Appendix B of the report.

---

2) Defendant Sepe's motion to restrict disclosure should be denied except as to portions of the affidavit set forth in Appendix B of the report.

3) Defendant Shenberg's motion for sanctions should be denied.

As to the recommendation to redact the conversations with third parties found in Appendix B of the report; and as to the third recommendation to deny defendants' motion for sanctions, the magistrate judge's report will be affirmed, adopted, and made the order of this Court.

The remaining issues in the report and recommendation regarding intercepted communications shall be discussed below.

■ As discussed in Judge Snow's report and recommendation, Title III specifically excludes from its provisions those recorded conversations in which one of the parties has given its consent to the interception. 18 U.S.C. § 2511(2)(c). The discussion below, therefore, does not apply to the consensual recordings involving Mr. Takiff. Accordingly, the conversations involving Mr. Takiff need not be redacted and that portion of the magistrate judge's report which recommends disclosure of the consensual conversations is hereby affirmed, adopted and made the order of the District Court.

■ The press and the media in this case seek access to the Affidavit for Search Warrants used by the government.

The Court recognizes the limited First Amendment right of access to such judicial documents. In this case, however, the affidavit in support of the search warrants contains numerous summaries of recorded conversations taken pursuant to 18 U.S.C. § 2510 *et seq.* Such recordings are commonly referred to as Title III interceptions.

Title III limits disclosure of intercepted communications to " 'professionally interested strangers' in the context of their official duties." *Certain Interested Individuals v. Pulitzer Publishing Company,* 895 F.2d 460, 465 (8th Cir.1990) (referred to as *Gunn II*). The goal of this disclosure

limitation is to protect the privacy interests of those persons being recorded. In this case, disclosure is not sought of the actual recordings, or of transcripts of the recordings, but rather of summaries of the recorded conversations that were properly disclosed in the search warrant affidavit. The Court recognizes, as have other courts, that Title III does not specifically address occasions when intercepted communications become part of another public document. *See* Report and Recommendation, P. 4 (citing *In re Application of Newsday, Inc.,* 895 F.2d 74, 76 (2d Cir.1990).

The *Newsday* and *Gunn II* courts both dealt with Title III information in search warrant applications. The balancing test discussed in those cases is proper and will be applied here. As a practical matter, however, because of the different procedural posture of this case, the Court considers this a case of first impression.[1]

This Court must balance the privacy interests of the defendants with the public's limited First Amendment right of access. The Court notes that the media are not seeking to uncover or discover the essence of the charges against these defendants. In fact, the charges against these defendants are well known and have been extensively reported by the media. The instant issue concerns private conversations that have not been deemed admissible evidence.

Disclosure at this time will destroy the purpose behind the Title III disclosure limitation.

As the Court in *Gunn II* noted, Title III's restrictions cannot be avoided by including the intercepted information in search warrant affidavits, and such use "cannot transform the wiretap information into non-wiretap information unprotected by Title III." *Gunn II,* at 465. If the interceptions are eventually suppressed, the Court would not be able to "unring the bell."

■ The Court cannot ignore the possibility that some or all of the Title III interceptions will be suppressed. Until a suppression hearing is held, or until their ad-

---

1. The *Newsday* case involved a defendant that had already entered a guilty plea. The *Gunn II* case involved persons who had not yet been indicted. This case rests in between those cases.

missibility is otherwise established, the Court feels that the privacy interests of the defendants (who let us remember are presumed innocent) and the goal of Title III outweigh the public's interest in present access to the Title III intercepted conversations. After a suppression hearing, or once the admissibility of the intercepted material has been determined, the media are free to renew their motion to unseal. This order denying immediate access will therefore be without prejudice to renew the same at some future date.

The Court has reviewed the report and recommendation, and upon *de novo* review of the record, it is hereby:

ORDERED AND ADJUDGED as follows:

1. The magistrate judge's report is adopted and affirmed in so far as it recommends redaction of Title III interceptions involving non-parties, recommends denying the defendants' motion for sanctions, and recommends disclosure of the consensual recordings as summarized in the search warrant affidavit.

2. The defendants' remaining objections to the magistrate judge's report concerning the rest of the Title III interceptions are sustained.

3. *All* Title III interceptions that are summarized in the search warrant affidavit are to be redacted from the search warrant affidavit pending determination of the admissibility of the Title III materials.

4. The government is hereby DIRECTED to submit to the Court and to the defendants the search warrant affidavit with all Title III material redacted therefrom within ten days of the date of this order. The defendants will then have five days to identify any omission of Title III interceptions which should be redacted. The Court will review the redacted affidavit and the defendants' supplements, make the appropriate changes, and file the redacted affidavit in the Court file.

DONE AND ORDERED.