In the Matter of SEARCH WARRANTS FOR NATIONAL BUILDERS CORPORATION, 1000 Andrews Avenue, Youngstown, Ohio.

No. 1:92 MG 0042.

United States District Court,
N.D. Ohio, E.D.

March 18, 1993.

---

Stephen Sozio, Asst. U.S. Atty., Cleveland, for U.S.

Robert J. Rotatori, Richard L. Stoper, Jr., Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, for Nat. Bldrs Corp. and Victor Calautti.

## ORDER

BATTISTI, District Judge.

Before the Court are the motion of the National Builders Corporation and Victor Calautti (hereinafter "the Movants") to unseal the search warrant affidavit, the Government's response and the Movants' reply. For the following reasons, Magistrate Perelman's order sealing the affidavit is hereby upheld.

On June 12, 1992 Magistrate Judge David Perelman issued a search warrant for the business premises of the National Business Corporation and Calautti's office based on an affidavit provided by FBI Special Agent John J. Kane. On that date, Magistrate Perelman issued an order sealing the affidavit and application for the search warrant. The search was conducted and voluminous records were seized. Pursuant to Fed.R.Crim.P. 41(g),[1] the search warrants and inventories were returned and filed on about June 18.

On September 25, Magistrate Perelman denied the Movants' motion to unseal the affidavit, determining that the information contained in the affidavit "is so sensitive and so detailed that continuation of [the] sealing order is the only feasible alternative." Furthermore, he ruled that "redaction would not overcome the reasons supporting non-disclosure.... [G]iven the nature of the information contained in the affidavit it would be a reasonably simple task for anyone familiar with the events alluded to therein to fill in blanks created by deletion of names of participants in those events." The matter is before this Court on appeal from the Magistrate's order refusing to unseal the affidavit.

■ The Magistrate's decision was not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Sixth Circuit has not addressed whether the papers supporting a search warrant are in the public domain, thus subject to public access under the First Amendment. There is a split among the circuits on this matter. One view holds that there is no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1218 (9th Cir.1989); *see also Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir.1989) (holding that the press does not have a first amendment right of access to an affidavit for a search warrant). The *Times Mirror* court noted that while there is a common law right of access to public records and documents, including judicial documents, that right does not extend to documents "which have traditionally been kept secret for important policy reasons," such as information involving ongoing grand jury investigations. *Times Mirror*, 873 F.2d at 1219. The decision to seal warrant papers is within the sound discretion of the judicial officer who issued the warrant, and is appropriate if it is " 'essential to preserve higher values and is narrowly tailored to serve that interest.' " *Baltimore Sun Co.*, 886 F.2d at 65–66 (citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984)). Alternatives to sealing, such as redaction, must be considered. *Id.*

Other circuits, including the Eighth Circuit, have found a First Amendment right of access. *In re Search Warrant for Secretarial Area—Gunn*, 855 F.2d 569, 573 (8th Cir. 1988). Even where such a right is recognized, it is a qualified right. An order sealing documents must contain specific, on the record findings that indicate that " 'closure is

---

1. Fed.R.Crim.P. 41(g) provides: "The federal magistrate before whom the warrant is returned shall attach to the warrant a copy of the return, inventory and all other papers in connection therewith and shall file them with the clerk of the district court for the district in which the property was seized."

essential to preserve higher values and is narrowly tailored to that interest.'" *Id.* at 574 (citations omitted). The party seeking to have documents sealed must show that the restriction of public access furthers a compelling government interest, such as an ongoing investigation. *Id.*

 After careful review of the affidavit, the Court concurs with Magistrate Perelman's assessment that the affidavit supporting the search warrant contains detailed, specific information which, if disclosed, would compromise the ongoing government investigation. Virtually every page of the affidavit contains references to conversations and events, and reveals the nature and scope of the on-going government investigation, including individuals not the subject of the search warrant. The volume and specificity of the information included in the affidavit make redaction ineffective at preserving the integrity of the investigation.

It is not necessary to determine whether there is a First Amendment right of public access to the information surrounding search warrant proceedings. Even if a First Amendment right of access were recognized, the compelling governmental interest in the ongoing investigation would justify sealing the affidavit until the conclusion of the investigation. Traditionally, grand jury proceedings have been kept private in the interest of a full and effective investigation, so there is no common law right of access to the affidavit, particularly in light of the ongoing investigation. For the foregoing reasons, the Magistrate's decision to deny the Movant's request to unseal the affidavit is upheld.

IT IS SO ORDERED.