**In re SEARCH WARRANTS IN CONNECTION WITH INVESTIGATION OF COLUMBIA/HCA HEALTHCARE CORP., IN EL PASO, TEXAS.**

No. EP–97–CA–280–DB.

United States District Court,
W.D. Texas,
El Paso Division.

Aug. 1, 1997.

David H. Donaldson, James A. Hemphill, Austin, TX, for Plaintiff.

Debra Kanof, Asst. U.S. Atty., El Paso, TX, for Defendant.

### *ORDER*

BRIONES, District Judge.

On this day, the Court considered the Motion of Dow Jones & Co., Inc. (hereinafter "Dow Jones") to Unseal Affidavits and Other Material Attached to Search Warrants, filed on July 3, 1997, in the above-captioned cause. The Government's Response was filed on July 28, 1997. After due consideration, the Court is of the opinion that the Motion should be denied.

## BACKGROUND

Dow Jones is the publisher of *The Wall Street Journal,* a national daily newspaper. *The Wall Street Journal* has published news accounts of an incident in which approximately one-hundred federal agents executed search warrants at hospitals in El Paso, Texas, owned by Columbia, as well as the offices of several doctors. In addition to coverage of that incident, *The Wall Street Journal* has been covering what to them appears to be a more widespread probe which includes other Columbia locations across the United States.

The search warrants were served several months ago, but the affidavits and other supporting materials remain sealed. Through the instant Motion, Dow Jones seeks access to the sealed affidavits and supporting materials pursuant to what Dow Jones refers to as the "rights of access provided by the First Amendment to the U.S. Constitution and the common law."

## DISCUSSION

As a preliminary matter, the Court notes that public access to sealed information attached to search warrants is a matter of first impression in this Circuit. However, several other circuits around the nation have examined this question, and it is their experience to which this Court now turns, recognizing that their authority over this Court is not binding.

It appears to this Court that there exists no First Amendment right of public access to sealed documents, particularly in a pre-indictment ongoing criminal investigation. Indeed, the Ninth Circuit found no "First Amendment right of access to search warrant proceedings and material when an investigation is ongoing but before indictments have been returned." *The Times Mirror Co. v. United States,* 873 F.2d 1210 (9th Cir. 1989). In examining the issue further, the Fourth Circuit established a two-part test to be used in determining whether a First Amendment right of access is available to the public. The first question is whether the place and the process have historically been open to the press and the public. The court

must then determine whether public access plays a significant positive role in the functioning of the particular process in question. *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir.1989) (quoting *Press–Enterprise Co. v. Superior Court, (Press–Enterprise II)* 478 U.S. 1, 8–10, 106 S.Ct. 2735, 2740–41, 92 L.Ed.2d 1 (1986)). In this action, Dow Jones has not shown that the process has historically been available to the press and the public.

It has long been recognized that proceedings for the issuance of search warrants are not "open." *See, e.g. Baltimore Sun* at 63. The Supreme Court has noted that the "proceeding for issuing a search warrant is necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for the warrant." *Franks v. Delaware*, 438 U.S. 154, 169, 98 S.Ct. 2674, 2683, 57 L.Ed.2d 667 (1978). Additionally, a search warrant application "involves no public or adversary proceeding." *United States v. United States District Court*, 407 U.S. 297, 321, 92 S.Ct. 2125, 2138, 32 L.Ed.2d 752 (1972).

 Assuming, *arguendo*, that a First Amendment right of access to such materials does exist, that right is not absolute; it is a qualified right. *Press–Enterprise, (Press–Enterprise II)* 478 U.S. at 9, 106 S.Ct. at 2740–41; *In Re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 574 (8th Cir.1988). Such proceedings may be closed if specific findings are made demonstrating that closure is essential to preserve higher values. *In Re New York Times*, 828 F.2d 110, 116 (2nd Cir.1987). This logic obviously encompasses sealed documents. If the party seeking to keep documents sealed can demonstrate a compelling interest which necessitates restriction of public access, the sealed documents remain sealed. Here, the Government has demonstrated such a compelling interest. If the contents of the affidavit were revealed, the targets of the investigation, as well as the press, would have a roadmap of the investigation. This would seriously compromise the integrity and effectiveness of the ongoing investigation. The affidavit contains identi-

fying information with respect to several government informants whose positions at Columbia and other healthcare facilities would be seriously jeopardized, creating a significant chilling effect on the investigation. Unsealing the affidavit and supporting materials could conceivably notify pertinent Columbia employees in other jurisdictions of the nature and scope of the Government's investigation so as to prompt the destruction of evidence or the falsification of records. Indeed, an attempt to destroy evidence has apparently already occurred in connection with this case.[1]

 Dow Jones next argues that the common law provides a right of access to material filed in support of applications for search warrants, and that this right has been recognized by the Fifth Circuit. While it is undoubtedly true that the Fifth Circuit has recognized that the public has a common law right to inspect and copy judicial records, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir.1993), this Court is unaware of any common law authority in this Circuit which recognizes a right of access to documents sealed by court order. The Fourth and Ninth Circuits acknowledge such a common law right, but only under limited circumstances. In *Times Mirror*, the Ninth Circuit rejected the request to unseal the affidavits, holding that *Times Mirror* could not meet the initial requirement of showing that disclosure would serve the "ends of justice" while a preindictment investigation was ongoing. *Times Mirror*, 873 F.2d at 1218. Finally, the Supreme Court, in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), held that every court has "supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598, 98 S.Ct. at 1312. This Court is of the opinion that the "ends of justice" will only be served in this case by allowing those materials sought by Dow Jones to remain sealed.

Accordingly, **IT IS HEREBY ORDERED** that Dow Jones' Motion to Unseal Affidavits

---

1. Soon after the search of Columbia in El Paso, a local citizen discovered a large cache of Columbia documents located in a garbage dumpster at a gas station several miles from any Columbia facility and reported it to law enforcement officials.

and Other Material Attached to Search Warrants is **DENIED.**