706 So.2d 54 (1998)
FLORIDA PUBLISHING COMPANY, a corporation d/b/a The Florida Times-Union, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1822.
District Court of Appeal of Florida, First District.
January 27, 1998.
*55 George D. Gabel, Jr., Brooks C. Rathet, and Suzanne M. Judas of Gabel & Hair, Jacksonville, for appellant.
Robert A. Butterworth, Attorney General; Charlie McCoy, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
Florida Publishing Company, a corporation doing business as The Florida Times Union (Florida Publishing), appeals from the denial of a request for a writ of mandamus which determined that an executed search warrant and accompanying material is exempt from the public records law pursuant to section 119.07(3)(b), Florida Statutes, because it constitutes active criminal investigative material. The sole task before us is to construe rule 2.051, Florida Rules of Judicial Administration, relating to access to records of the judicial branch and to determine whether the rule exempts from disclosure those materials which are exempt from disclosure pursuant to section 119.07(3), Florida Statutes (1995).[1] We find that rule 2.051(c)(8), Florida Rules of Judicial Administration, specifically adopts the statutory exemptions, and we affirm.[2]
Rule 2.051(c)(8) in pertinent part provides,
(c) Exemptions. The following records of the judicial branch ... shall be confidential:
(8) All court records presently deemed to be confidential ... by Florida Statutes...
In interpreting a statute, rule, or any document, the first rule of construction is to give the language contained in the document its plain and ordinary meaning. See Tallahassee Mem'l Reg'l Med. Ctr., Inc. v. Tallahassee Med. Ctr., Inc., 681 So.2d 826, 830 (Fla. 1st DCA 1996); see also Legal Envtl. Assistance Found., Inc. v. Board of County Comm'rs of Brevard County, 642 So.2d 1081, *56 1084 (Fla.1994); State v. Williams, 667 So.2d 191, 194 n. 4 (Fla.1996). Where the language is clear and unambiguous, there is no occasion for resorting to other rules of interpretation and construction. Tallahassee Mem'l, supra at 830.
The explicit language in rule 2.051(c)(8) adopts items made exempt by Florida Statutes. Appellant argues, however, that chapter 119, Florida Statutes, is not applicable to the judiciary, and under the separation of powers doctrine, only the judiciary has the inherent power to maintain its records and to determine the manner of access to these records.[3] We have no argument with either of these concepts; however, neither precludes the judiciary from adopting legislative statements or expressions of policy as part of rules governing matters within the jurisdiction of the judiciary. See Timmons v. Combs, 608 So.2d 1, 3 (Fla.1992). The supreme court has chosen to do so; it is, therefore, unnecessary for us to go any further.
Affirmed.
BOOTH, J., concurs.
VAN NORTWICK, J., dissents with written opinion.
VAN NORTWICK, Judge, dissenting.
I respectfully dissent. I agree with the majority opinion that the issue here involves the interpretation of rule 2.051, Florida Rules of Judicial Administration. I reach a different result because I conclude that subparagraph (c)(6), rather than subparagraph (c)(8), of rule 2.051 is dispositive of the question before us. Thus, I would hold that the executed search warrant and related material to which appellant seeks access are not exempt per se from public access under rule 2.051(c)(6), but are judicial records open to public access subject to the three-pronged test in Miami Herald Publ'g Co. v. Lewis, 426 So.2d 1, 5 (Fla.1982).
Rule 2.051(a) provides that generally "[t]he public shall have access to all records of the judicial branch of government and its agencies, except as provided below." Paragraph (c) of the rule sets forth the exceptions to this general rule of public access and provides that the specified "records of the judicial branch and its agencies shall be confidential...." Subparagraph (c)(6) of the rule expressly addresses the exemption applicable to search warrants, in pertinent part as follows:
(6) Copies of arrest and search warrants and supporting affidavits retained by judges, clerks, or other court personnel until execution of said warrants or until a determination is made by law enforcement authorities that execution cannot be made....
Rule 2.051(c)(6), Fla. R. Judic. Admin.
Thus, under rule 2.051(c)(6) search warrants are clearly judicial records subject to confidential treatment "until execution ... or until a determination is made by law enforcement authorities that execution cannot be made." Rule 2.051(c)(6), Fla. R. Judic. Admin. Accordingly, as relevant here, I conclude that, upon execution of the instant search warrant, the warrant and supporting documents were no longer excluded from public access under the (c)(6) exemption and became open to public access under subparagraph (a) of the rule. Because the supreme court has clearly and unambiguously addressed the treatment of search warrants in subparagraph (c)(6) of rule 2.051, I cannot read the general provisions of subparagraph (c)(8) to apply to search warrants other less specific per se exemptions set forth in other rules, statutes, or case law.
Below, the trial court ruled that the executed search warrants represented information relating to an active criminal investigation which was exempt from disclosure under section 119.07(3)(b), Florida Statutes (1995). Such a ruling has the effect of invalidating the express, clear, and unambiguous language of rule 2.051(c)(6). Even if subsection (c)(8) was intended to incorporate into rule 2.051(c) the public record exemptions under chapter 119, I do not believe that the supreme court could have intended subparagraph *57 (c)(8) to have incorporated by reference provisions in other rules, statutes or case law which would render the express language of subparagraph (c)(6) mere surplusage.
Further, as the appellant correctly concedes, even if the instant executed warrant and related material are determined to be judicial records open to public access, the inquiry is not at an end as to whether these records should be disclosed or subject to closure in the instant case. "While a strong presumption of openness in judicial proceedings exists," Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 117 (Fla. 1988), the supreme court has recognized that the need for open government and public access must be balanced with competing interests. Thus, in Miami Herald Publ'g Co., 426 So.2d at 6, the court adopted the following three-pronged test to be applied by trial courts when considering closure of criminal court proceedings:
1. Closure is necessary to prevent a serious and imminent threat to the administration of justice;
2. No alternatives are available, other than a change of venue, which would protect the defendant's right to a fair trial; and
3. Closure would be effective in protecting the rights of the accused, without being broader than necessary to accomplish this purpose.
Other courts have applied similar balancing tests in determining whether to seal a search warrant to which the public possessed a common law right of access. See, e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 575 (8th Cir.1988)(Bowman, J., concurring)(keeping pre-indictment documents related to search warrant under seal serves important interest in fairness to any innocent person who is shown by the documents to be linked to criminal investigation); In re Search of Office Suites for World and Islam Studies Enterprise, 925 F.Supp. 738, 742-743 (M.D.Fla.1996)(unsealing search warrant affidavits would frustrate ongoing criminal investigation).
NOTES
[1] It is important to note what issues are not being considered by the court. We first find it unnecessary to determine whether applying the statutory exemption to executed search warrants would implicate First Amendment considerations, because appellant conceded that they are not pursuing that argument. We are also not presented with the issue of whether the materials in question actually constituted active criminal investigative material or whether the trial court erred in not conducting an in-camera inspection, as these issues were not raised by appellant. It is also unnecessary for us to address the state's argument that the records sought were not judicial records in light of our holding that the statutory exemption applies whether or not the documents sought were, in fact, judicial records.
[2] The dissent concludes that subparagraph (c)(6) of rule 2.051 is dispositive of the question before us. This subparagraph cannot be read apart from the other language contained in the rule. Rule 2.051(c)(6) must be read together with subparagraph (c)(8) of that rule. Our interpretation gives effect to both subparagraphs. Under the expressed language of these subparagraphs, all unexecuted search warrants are confidential. Matters relating to executed search warrants, however, are only confidential if there is an applicable exemption, for instance, if the requested material contains active criminal investigation information.
[3] To support these arguments, appellant relies on Locke v. Hawkes, 595 So.2d 32 (Fla.1992), and Times Publ'g Co. v. Ake, 645 So.2d 1003 (Fla. 2d DCA 1994), aff'd, 660 So.2d 255, respectively.