The Honorable Harvey Ruvin Clerk of Courts Eleventh Judicial Circuit Dade County Courthouse, Room 242 73 West Flagler Street Miami, Florida 33130
Dear Mr. Ruvin:
You ask substantially the following question:
Do the provisions of section 119.19, Florida Statutes (1998 Supplement), particularly the obligations for retrieval, copying and production, apply to judicial records maintained by the clerks of the circuit and county courts?
In sum:
The provisions of section 119.19, Florida Statutes (1998 Supplement), particularly the obligations for retrieval, copying and production, do not apply to judicial records maintained by the clerks of the circuit and county courts.
Section 119.19, Florida Statutes (1998 Supplement), requires the Secretary of State to establish and maintain a records repository for the purpose of archiving capital postconviction records. Upon notification of the Florida Supreme Court's direct appeal affirmance of a death sentence, the following agencies are required to copy, seal, and deliver all public records produced in the case: the state attorney who prosecuted the case, each law enforcement agency involved, and the Department of Corrections.[1]
Other agencies are required to submit records to the repository when they have public records relevant to the case.[2] As stated in the enabling legislation's staff analysis, "[t]he intended effect is to collect all relevant records when the case is `fresh' in everyone's mind."[3]
The legislation was enacted to address a problem of public records production under Chapter 119, Florida Statutes, in capital postconviction cases. This problem was raised in Amendments toFlorida Rules of Criminal Procedure — Capital Postconviction PublicRecords Production (Time Tolling),[4] with Justice Wells stating in his dissenting opinion:
"Identifying documents to be produced and determining the method of production are two issues at the core of substantial delays. These delays have resulted in clearly excessive expenditures of financial resources and judicial labor. The CCRCs' methods of seeking public records production and the government agencies' responses to them often result in frustration of the proceedings rather than production of material records. We attempted to address this problem by enacting Florida Rule of Criminal Procedure 3.852, which is the rule subject to the majority's extension in the present case. Our rule has not been fully effectuated because of this Court's granting of requested delays. However, in cases involving requests for public records, the CCRCs assert that the rule compels them to file a great many notices to produce records in a great many state agencies. In some cases, circuit judges report receiving up to 100 motions to compel production of public records. This procedure inhibits successful records production, causes more delays in the circuit courts, and obviously is not working as intended by our rule or, in my view, within the intent of chapter 119.
To address this problem, I believe the legislature should amend chapter 119 and chapter 27, the CCRC law, to specify exactly what records are subject to production under chapter 119 in a records request pursuant to a rule 3.851 proceeding and which records may be requested using resources appropriated for postconviction capital representation. The agencies possessing such records should send them to a single repository at a stated time subsequent to notification to the agencies of a defendant's death sentence. The Attorney General should be responsible for notifying agencies and ensuring that such records are timely sent to the repository."
You ask whether the provisions of this statute may be applicable to records in the custody of the clerk. You note that section 119.19(3)(b), Florida Statutes (1998 Supplement), in requiring the law enforcement agencies involved and the state attorney to copy, seal, and deliver to the repository all public records produced in the investigation or prosecution of the case, excludes those filed in the trial court. However, you question whether the clerk could be found an "additional agency or person" under the statute, and thus required to deliver records to the repository.
Section 119.19, Florida Statutes, refers to the delivery of "public records" to the repository. As defined by statute and court decision, that term encompasses all materials made or received by an agency in connection with official business that are used to "perpetuate, communicate or formalize knowledge."[5]
"Agency" is defined to mean "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law . . . and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."[6]
Relying on separation of powers principles, however, the courts have consistently held that judicial records are not subject to legislative control and the judiciary is not an "agency" for purposes of Chapter 119, Florida Statutes.[7] In Times PublishingCompany v. Ake,[8] the Supreme Court considered the applicability of Chapter 119, Florida Statutes, to records held by the clerk of court. The Court concluded that the clerks of the circuit courts, when acting under the authority of their Article V, Florida Constitution, powers concerning judicial records and other matters relating to the administrative operation of the courts, are an arm of the judicial branch, subject to the oversight and control of the Supreme Court of Florida rather than of the legislative branch.
Thus, section 119.19, Florida Statutes, does not refer to the clerk of the court and the judicial records under the clerk's control since such records are not subject to legislative control.
Although the judiciary is not an "agency" for purposes of the Public Records Law, there is a constitutional right of access to public records. Article I, section 24, Florida Constitution, provides that the public has a right of access to records in the judicial branch of government, except for records exempted as provided therein. The Florida Supreme Court has adopted Rule 2.051, Florida Rules of Judicial Administration, entitled "Public Access to Judicial Records." Thus, public access to judicial records is regulated by the judicial administration rule.[9]
Accordingly, I am of the opinion that the provisions of section 119.19, Florida Statutes (1998 Supplement), particularly the obligations for retrieval, copying and production, do not apply to judicial records maintained by the clerks of the circuit and county courts.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, ss. 119.19(3),(4) and (5), Fla. Stat. (1998 Supp.).
[2] See, s. 119.19(6), Fla. Stat. (1998 Supp.).
[3] Senate Staff Analysis and Economic Statement, CS/SB 1330, dated March 3, 1998.
[4] 708 So.2d 913, 916 (Fla. 1998).
[5] See, s. 119.011(1), Fla. Stat., and Shevin v. Byron,Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640
(Fla. 1980).
[6] Section 119.011(2), Fla. Stat.
[7] See, e.g., Locke v. Hawkes, 595 So.2d 32 (Fla. 1992); TheFlorida Bar, In re Advisory Opinion Concerning the Applicabilityof Chapter 119, Florida Statutes, 398 So.2d 446 (Fla. 1981) (investigative files of the state bar as the official arm of the Supreme Court are subject to the control and direction of the Court and not to other branches of government; thus Ch. 119, Fla. Stat., does not apply to such records).
[8] 660 So.2d 255, 257 (Fla. 1995). And see, WFTV, Inc. v.Wilken, 675 So.2d 674 (Fla. 4th DCA 1996) (Access to judicial records under clerk of court's control is governed exclusively by the Supreme Court).
[9] See, T.T. v. State, 689 So.2d 1209 (Fla. 3d DCA 1997);Florida Publishing Company v. State, 706 So.2d 54 (Fla. 1st DCA 1998) (Inapplicability of public records law to judiciary and separation of powers doctrine do not preclude judiciary from adopting legislative statements or expressions of policy as part of rules governing matters within jurisdiction of judiciary).
[10] You also inquire about the interpretation of Rule 3.852, Fla.R.Crim.P. While questions involving the interpretation of a court rule should be addressed to the Supreme Court, I note that the Rule itself provides that it "is applicable to all requests for production of public records to which chapter 119, Florida Statutes" applies. Since Ch. 119, Fla. Stat., would appear to be inapplicable to the clerk's records, the rule would also appear to be inapplicable.