Mr. Dennis J. Alfonso Counsel to the Clerk of Court for Pasco County Post Office Box 4 Dade City, Florida 33526-0004
Dear Mr. Alfonso:
On behalf of the Pasco County Clerk of the Circuit Court, you ask the following question:
Are judicial/court records that identify the name and/or address of a victim of a sexual crime presumed to be confidential and exempt from public access, or are they confidential and exempt from public access only as a result of a court order?
In the materials accompanying your request, you have indicated an apparent conflict between section 92.56, Florida Statutes, and section 794.024, Florida Statutes, in their treatment of judicial records identifying victims of sexual crimes. Both statutes were created by the Crime Victims Protection Act adopted in the 1995 legislative session.[1] The impetus for passage of the act was a then-recent judicial determination that the Florida law imposing criminal liability for the publication of the name of a sexual battery victim was unconstitutional; the legislatively stated purpose for passage of the act was to protect the identity of victims of sexual crimes.[2] Additional confusion may arise due to the exempt treatment of any records identifying victims of sexual crimes under section 119.07(3)(f), Florida Statutes.
The Crime Victims Protection Act (act) amended section119.07(3)(h), Florida Statutes (1994 Supplement), to expand the exemption from public disclosure to those portions of court proceedings that could reveal the identity of specified crime victims. Previously, only court records revealing such information had been exempted from disclosure. Section119.07(3)(h), now renumbered as 119.07(3)(f), Florida Statutes, provides:
"Any criminal intelligence information or criminal investigative information including the photograph, name, address, or other fact or information which reveals the identity of the victim of the crime of sexual battery as defined in chapter 794; the identity of the victim of a lewd or lascivious offense committed upon or in the presence of a person less than 16 years of age, as defined in chapter 800; or the identity of the victim of the crime of child abuse as defined by chapter 827 and any criminal intelligence information or criminal investigative information or other criminal record, including those portions of court recordsand court proceedings, which may reveal the identity of a personwho is a victim of any sexual offense, including a sexual offense proscribed in chapter 794, chapter 800, or chapter 827, is exemptfrom the provisions of subsection (1) and s. 24(a), Art. I of theState Constitution." (e.s.)
Thus, the plain language of the statute exempts from public disclosure those portions of court records and court proceedings which may reveal the identity of the victim of a sexual crime. In contrast, section 92.56, Florida Statutes, in part, provides:
"(1) All court records, including testimony from witnesses, that reveal the photograph, name, or address of the victim of an alleged offense described in chapter 794 or chapter 800, or act of child abuse, aggravated child abuse, or sexual performance by a child as described in chapter 827, are confidential and exempt from the provisions of s. 24(a), Art. I of the State Constitution and may not be made public if, upon a showing to the trial courtwith jurisdiction over the alleged offense, the state or the victim demonstrates that: (a) The identity of the victim is not already known in the community; (b) The victim has not voluntarily called public attention to the offense; (c) The identity of the victim has not otherwise become a reasonable subject of public concern; (d) The disclosure of the victim's identity would be offensive to a reasonable person; and (e) The disclosure of the victim's identity would: 1. Endanger the victim because the assailant has not been apprehended and is not otherwise known to the victim; 2. Endanger the victim because of the likelihood of retaliation, harassment, or intimidation; 3. Cause severe emotional or mental harm to the victim; 4. Make the victim unwilling to testify as a witness; or 5. Be inappropriate for other good cause shown." (e.s.)
The statute further provides that if the court declares that such records are confidential and exempt from section 24(a), ArticleI, Florida Constitution, the defendant charged with the crime may apply to the trial court for an order of disclosure of the identifying information in order to prepare a defense.[3]
Accordingly, section 92.56, Florida Statutes, requires a court order based upon specific findings before the identity of a victim of a sexual crime is made confidential and exempt from the provisions of section 24, Article I, of the Florida Constitution.
In further protecting the identity of crime victims in the act, the Legislature imposes criminal and civil liability for the disclosure or communication of information identifying the victim of a sexual crime.[4] Section 794.024, Florida Statutes, provides:
"A public employee or officer who has access to the photograph, name, or address of a person who is alleged to be the victim of an offense described in this chapter, chapter 800, s. 827.03, s.827.04, or s. 827.071 may not willfully and knowingly disclose it to a person who is not assisting in the investigation or prosecution of the alleged offense or to any person other than the defendant, the defendant's attorney, a person specified in an order entered by the court having jurisdiction of the alleged offense, or organizations authorized to receive such information made exempt by s. 119.07(3)(f), or to a rape crisis center or sexual assault counselor, as defined in s. 90.5035(1)(b), who will be offering services to the victim."[5]
Section 794.026, Florida Statutes, establishes a civil right of action against an entity or individual who communicates to others, prior to judicial proceedings, identifying information concerning the victim of any sexual offense under Chapters 794 or800, Florida Statutes. All damages reasonably necessary to compensate the victim for any injuries suffered as a result of the communication may be sought, when the victim shows that the communication was intentional and done with reckless disregard for the highly offensive nature of the publication.
While it is well-settled that judicial records are not subject to legislative control and the judiciary is not an "agency" for purposes of Chapter 119, Florida Statutes,[6] there is a constitutional right of access to public records created by section 24(a), Article I, Florida Constitution, that includes public access to records of the judicial branch. The Florida Supreme Court has adopted Judicial Administration Rule 2.051, which specifically exempts "[a]ll records made confidential under the Florida and United States Constitutions and Florida and federal law[.]"[7] While this office must respectfully defer to the judiciary's interpretation and application of its own rules, it would appear that the plain language of Rule 2.051 recognizes the confidential nature of the identity of victims of sexual victims afforded by the Legislature in section 119.07(3)(f), Florida Statutes.
The sections of Florida law discussed above favor the conclusion that the Legislature's intent was to protect the identity of the victim of a sexual offense in all records, while allowing the court with jurisdiction over the matter to control the dissemination of such information that may appear in court records or be divulged during court proceedings. I have found no reported decisions of an appellate court in this state that have addressed the provisions of section 92.56, Florida Statutes. While the apparent inconsistent treatment of information identifying the victim of a sexual offense in section 92.56, Florida Statutes, and other parts of Florida law may create confusion, the handling of such information as confidential in Chapter 119, Florida Statutes,[8] and the consequences imposed in sections 794.024 and 794.026, Florida Statutes, for the mishandling of such information overwhelmingly leads me to conclude that the Legislature intended to make the identity of a victim of a sexual crime confidential in a court record or proceeding.
Sincerely,
Charlie Crist Attorney General
[1] Chapter 95-207, Laws of Florida. A comprehensive discussion of the act may be found in a comment: "Revealing the Constitutional Infirmities of the `Crime Victims Protection Act," Florida's New Privacy Statute For Sexual Assault Victims, Brett Jarad Berlin, 23 Fla. St. U. L. Rev. 513 (Fall, 1995).
[2] See section 2, Ch. 95-207, Laws of Florida, setting forth legislative findings and purpose. See also, Senate Staff Analysis and Economic Impact Statement, SB 496, March 20, 1995, stating that the effect of the proposed change would protect the identity of victims of sexual offenses described in the sexual battery statute and the lewd, lascivious, or indecent assault or exposure statute, as well as victims of aggravated child abuse, child abuse, and sexual performance by a child. And see, State v. GlobeCommunications Corp., 648 So.2d 110 (Fla. 1994).
[3] Section 92.56(2), Fla. Stat. Section 24(a), Art. I, Florida Constitution, provides:
"Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution."
[4] See ss. 6 and 7, Ch. 95-207, Laws of Fla., creating ss.794.024 and 794.026, Florida Statutes.
[5] Section 794.024(2), Fla. Stat., makes violation of s.794.024(1), Fla. Stat., a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083, Fla. Stat.
[6] See Locke v. Hawkes, 595 So.2d 32 (Fla. 1992); The FloridaBar, In re Advisory Opinion Concerning the Applicability ofChapter 119, Florida Statutes, 398 So.2d 446 (Fla. 1981) (investigative files of the state bar as the official arm of the Supreme Court are subject to control of the Court and not to other branches of government; Ch. 119, Fla. Stat., does not apply to such records).
[7] Rule 2.051(c)(7), Fla.R.Jud.Admin. See, FloridaPublishing Co. v. State, 706 So.2d 54 (Fla. 1st DCA 1998), rev.dismissed, 717 So.2d 531 (Fla. 1998).
[8] See s. 119.07(3)(s)2., Fla. Stat, providing that identifying information in a videotaped statement of a minor who is alleged to be or who is a victim of a sexual offense is confidential, and s. 119.07(4), Fla. Stat., stating that nothing in this section shall be construed to exempt from disclosure a public record which was made a part of a court file and not closed by the court except "information or records which may reveal the identity of a person who is a victim of a sexual offense[.]"