■ In the Matter of NEWSDAY, INC., Appellant. ROBERT D. MORGENTHAU, as District Attorney of New York County, Intervenor-Respondent. [771 NYS2d 639]—

Order, Supreme Court, New York County (Brenda Soloff, J.), entered on or about June 10, 2003, which denied petitioner's motion to unseal materials submitted in support of a search warranted executed on or about May 16, 2003, unanimously affirmed, without costs.

We reject respondent's argument that this appeal is not properly before us. This Court properly acquired jurisdiction over the matter since petitioner commenced an original proceeding in this Court (*see* CPLR 506 [b] [1]; 7803 [2], [4]), respon-

dent was given permission to intervene in the matter and the proceeding was converted to a direct appeal (*see* CPLR 103 [c]; *Matter of Newsday, Inc. v Soloff*, 308 AD2d 395 [2003]).

In determining whether the public or media has a qualified First Amendment right of access to criminal proceedings, the significant considerations are whether the place and process have historically been open to the press and general public, and whether public access plays a significant positive role in the functioning of the particular process in question (*see Press-Enterprise Co. v Superior Ct.*, 478 US 1, 8 [1986]). Since the warrant application process has historically not been open to the public and public access "would hinder, rather than facilitate, the warrant process and the government's ability to conduct criminal investigations" (*Times Mirror Co. v United States*, 873 F2d 1210, 1215 [1989]; *and see Matter of Baltimore Sun Co. v Goetz*, 886 F2d 60, 64-65 [1989]; *United States v Cianci*, 175 F Supp 2d 194, 200-201 [2001]; *but see In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F2d 569, 573-574 [1988], *cert denied sub nom. Pulitzer Publ. Co. v Duggan*, 488 US 1009 [1989]), we conclude that the warrant records sought are not subject to the qualified First Amendment right of access. Even assuming, arguendo, that there is a qualified constitutional right of access to warrant records, such a right would be outweighed if there is substantial probability that disclosure would compromise an ongoing investigation (*see In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F2d at 574; *In re Search Warrants in Connection with Investigation of Columbia/HCA Healthcare Corp.*, 971 F Supp 251, 253 [1997]; *Matter of Search Warrants for Natl. Bldrs. Corp.*, 833 F Supp 644, 646 [1993]), a circumstance that would justify denial of access in this case.

Access under the common law was also properly denied (*see People v Burton*, 189 AD2d 532, 535-536 [1993]; *and see Nixon v Warner Communications, Inc.*, 435 US 589, 597-598 [1978]). The interests advanced by respondent in opposing disclosure—the protection of the identity of a confidential informant and to avoid compromising an ongoing investigation—are substantial and are not outweighed by the generalized public interest in the warrant application process (*see People v Castillo*, 80 NY2d 578, 583 [1992], *cert denied* 507 US 1033 [1993]; *People v Darden*, 34 NY2d 177, 181 [1974]; *and see Times Mirror Co.*, 873 F2d at 1217-1219; *United States v Cianci*, 175 F Supp 2d at 202). Concur—Buckley, P.J., Sullivan, Williams and Gonzalez, JJ.